**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO SALAS-GOMEZ, aka ROGELIO SALAS<br><br>Petitioner,<br><br>v.<br><br>ERIC HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72840<br><br>BIA No. A200-975-029<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District
Judge[**]

Rogelio Salas-Gomez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]     Honorable Donald W. Molloy, United States District Judge for the District of
Montana, sitting by designation.

denying his application for cancellation of removal. Because the parties are familiar with the factual history, we will not recount it here. We grant the petition for review and remand for further proceedings.

I

The Department of Homeland Security instituted removal proceedings against Salas-Gomez on April 28, 2011, by filing with the Immigration Court a Notice to Appear ("NTA") charging that he was removable as an alien who has not been admitted or paroled, in violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Salas-Gomez conceded he was removable as charged, but requested cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). During his hearings before the Immigration Judge ("IJ"), Salas-Gomez's attorney stated Salas-Gomez may have had a prior controlled substance conviction. On June 13, 2011, the IJ found Salas-Gomez removable and, based on his attorney's statements, denied his application for relief, ordering him removed to Mexico. The BIA issued an opinion affirming the IJ's decision on September 21, 2011.

Although a petitioner generally bears the burden to establish his eligibility for relief, 8 C.F.R. § 1240.8(d) provides that a petitioner has the burden to prove that "grounds for mandatory denial of the application for relief" do not apply *only if* "the evidence indicates that one or more" such grounds may apply. Because

statements alone are insufficient evidence for proving a criminal conviction, 8 C.F.R. § 1003.41(d), the evidence here was insufficient to both shift the burden of proof to Salas-Gomez and establish that he had a disqualifying conviction. Thus, the IJ erred in finding Salas-Gomez categorically ineligible for cancellation of removal. We therefore remand on an open record to permit both the government and the petitioner to supplement the record. *See Flores-Lopez v. Holder*, 685 F.3d 857, 866 (9th Cir. 2012).

## II.

The government argues Salas-Gomez did not raise the issue whether the evidence was sufficient to demonstrate his ineligibility for relief on the basis of a disqualifying conviction before the agency and therefore did not exhaust the issue. However, the BIA addressed the issue in its decision, and thus it has been exhausted. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED; REMANDED.**